IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,130-02






EX PARTE MARCIAL MATA BOCANEGRA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-0948-03-C IN THE 139TH DISTRICT COURT


FROM HIDALGO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to thirty-five years' imprisonment. The Thirteenth Court of Appeals dismissed his appeal. 
Bocanegra v. State, No. 13-07-00212-CR (Tex. App.-Corpus Christi/Edinburg Sept. 20, 2007, no
pet.).

 Applicant contends that one condition of his plea agreement was that he would receive the
shortest sentence among his co-defendants. He also contends that this condition was part of the
record at his plea hearing and the State made this promise to him through counsel. He says,
however, that one of his co-defendants was sentenced to twenty-five years and, as a result, his plea
agreement was breached. The trial court concluded that the plea agreement was not breached. 
Because the plea agreement and reporter's record of the plea hearing, if one exists, were not
forwarded to this Court, we are not able to determine from the record what the plea agreement was
and whether it was breached.

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Patterson, 993
S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall order trial counsel to respond to
Applicant's claim. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether the
plea agreement in Applicant's case was breached. The trial court shall also order the Hidalgo County
District Clerk to forward the plea agreement and reporter's record, if any, of Applicant's plea hearing
to this Court. The trial court shall make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.

Filed: August 22, 2012

Do not publish